IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of a Subpoena to Testify at a Deposition in a Civil Action for Jefferson B. Sessions | Case No. 1:23-mc-00016-JB-B |
| Wilbur P.G., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>The United States of America,<br><br>Defendant. | In the United States District Court for the Northern District of California **(Related Case)**<br>Magistrate Judge Kandis A. Westmore<br><br>Case No. 4:21-cv-04457-KAW |

**ORDER**

This matter comes before the Court on a Motion filed by former United States Attorney General Jefferson B. Session's ("General Sessions") to Quash a non-party subpoena requiring him to sit for a deposition in a case pending in the Northern District of California. (Doc. 1). Plaintiffs in that lawsuit have Responded in Opposition. (Doc. 14). The United States, Defendant in that case has filed a Statement of Interest (Doc. 24) and General Sessions has filed a Reply brief (Doc. 27). The parties appeared before the Court for oral argument and this matter is now ripe for review.

**BACKGROUND**

The underlying action pending in the Northern District of California is a Federal Tort Claims Act ("FTCA") case. Plaintiffs allege negligence by the United States in connection with its Zero Tolerance Policy and resulting family separations because the government is alleged to have had no system for tracking the existence of parent-child relationships, to have provided limited or no communications between parents and children while separated, to have had no plan to

reunite parents and children, and to have allowed some children to be abused while in its custody. The Plaintiffs also assert claims for intentional infliction of emotional distress based on allegations that federal officials, including then General Sessions, engaged in extreme and outrageous conduct intending to cause emotional distress or acted in reckless disregard that their conduct would result in emotional distress. Plaintiffs also allege loss of consortium. The United States denies these allegations and has asserted affirmative defenses.

General Sessions asks the Court to quash Plaintiffs' notice of deposition arguing that the Supreme Court and the Eleventh Circuit have both held that extraordinary circumstances must be shown before a Cabinet level official is deposed and such circumstances cannot be shown by Plaintiffs in this case.

Plaintiffs argue General Sessions' subjective intention in signing the Zero Tolerance Policy which put into effect a formal policy causing the separation of asylum-seeking families at the United States-Mexico border is highly relevant to their claims and the United States' affirmative defenses. Plaintiffs contend General Sessions' deposition is necessary based on an eleventh-hour supplemental interrogatory response purporting to limit the scope of relevant intent under the FTCA to that of General Sessions. (Doc. 14). Plaintiffs state that despite discovery efforts they can only obtain this highly relevant information from General Sessions. The court in the Northern District of California authorized Plaintiffs to take the deposition of General Sessions based on this last-minute supplemental discovery response. (Doc. 13-7).

**ANALYSIS**

The parties disagree about the standard the Court should apply in deciding whether General Sessions' notice of deposition should be quashed; however, they do agree the "apex

2

doctrine" is determinative of the question of whether General Sessions can be required to testify in this matter. General Sessions argues that the United States Supreme Court has "categorically prohibit[ed] the deposing of Cabinet officers." (Doc. 1 citing *United States v. Morgan*, 313 U.S. 409 (1941)). Beyond the categorical prohibition, General Sessions maintains that Plaintiffs cannot demonstrate the necessary "extraordinary circumstances" required to permit the deposition of a cabinet-level officer. Plaintiffs, on the other hand, argue that the underlying Magistrate Judge has already properly ruled that application of the "apex doctrine" permits General Sessions' deposition. (Doc. 14 citing *In re U.S. Dep't of Educ.*, 25 F.4th 692 (9th Cir. 2022)).

The United States Supreme Court's 1941 decision in *United States v. Morgan*, 313 U.S. 999 (1941) involved court review of agency action where the lower court had authorized the taking of the deposition of the Secretary of Agriculture. The Secretary was questioned about the process by which he reached the conclusions in the challenged order. The Supreme Court ruled that the Secretary should never have been examined by deposition or in court because the order he issued was quasi-judicial in nature and was akin to examining a judge about the reasons for a given decision. The Court found that, just as a judge cannot be questioned, the integrity of the administrative process must by equally respected.

Citing *Morgan* for the proposition that "the practice of calling high officials as witnesses should be discouraged," the Eleventh Circuit in *In re USA* highlighted the reasons a strict standard for allowing depositions of cabinet secretaries was necessary. 985 F.2d 510, 512 (11th Cir. 1993). The Court recognized the serious separation of powers concerns and noted that cabinet secretaries should not be distracted from their essential duties by allowing depositions absent a "special need or situation compelling such testimony." *Id.* Cabinet secretaries also face a greater

amount of litigation than most other witnesses due to the numbers of cases involving the agencies. The Court reasoned that the executive branch's operations could be crippled if the secretaries were unnecessarily "monopolized by preparing and testifying in such cases." *Id.*

In 2010, the Eleventh Circuit again considered the application of *Morgan* to an effort to compel a high-ranking government official to personally appear in Court. *In re USA*, 624 F.3d 1368 (11th Cir. 2010). In that case, a district court ordered the Administrator of the Environmental Protection Agency to appear at a hearing concerning the agency's alleged non-compliance with previous court orders. The Eleventh Circuit noted that "[t]he compelled appearance of a high-ranking officer of the executive branch in a judicial proceeding implicates the separation of powers. . . ." *In re USA*, 624 F.3d at 1372. The court further observed, "*Morgan* does not suggest or even hint that a federal district court should ever compel a member of the President's cabinet or another highranking official to appear in a judicial proceeding to testify about the official's duties or decisions." *Id*. at 1376. The court did note that such an order could be appropriate in situations where "extraordinary circumstances or a special need" were demonstrated. *Id*. at 1372 (quoting *In re USA*, 985 F.2d at 512).

In this case, based on the record before the Court, Plaintiffs have not demonstrated "extraordinary circumstances or a special need" exist. Further, Plaintiffs have not demonstrated General Sessions' testimony is essential to the case and any information he may have cannot be obtained by other means .

The entire effort to depose General Sessions arises from the United States' eleventh-hour supplemental response to an interrogatory seeking policy goals relating to the family separation policy. (Doc. 14). A review of the relevant interrogatory response reveals the purported limiting

language regarding the United States' policy goals, but the response does not end there. The United States then goes on to provide an answer to the interrogatory regarding its policy goals, which the answer identifies with General Sessions' goals. The response then identifies six individuals "with knowledge about the policy goals identified above.[1]"

Plaintiffs have not deposed the non-cabinet level officials identified in this response. Plaintiffs indicated they did obtain copies of depositions of two of the identified individuals taken in similar case. Plaintiffs however made no showing that the testimony of these individuals was somehow insufficient to prove the necessary intent for this case. Moreover, Plaintiffs have not attempted to depose the other two non-cabinet officials. On this record, the Court cannot find Plaintiffs have demonstrated "extraordinary circumstances or a special need."

Even if extraordinary circumstances existed, Plaintiffs have not demonstrated that General Sessions' testimony is essential to the case and any information he may have is unobtainable by any other way.

Because the record is clear that Plaintiffs have not exhausted the witnesses identified as having relevant information, it cannot be said that General Sessions testimony is essential to the case. Likewise, the record reveals no demonstration that any information possessed by General Sessions is unobtainable by any other means.

---

[1] The response identifies General Sessions, former Secretary of Homeland Security Kristen Nielsen and four other sub-cabinet level officials with relevant information responsive to the interrogatory.

## CONCLUSION

Based on the forgoing, the Motion to Quash (Doc. 1) filed by former Attorney General Jefferson B. Sessions is **GRANTED**.

**DONE and ORDERED** this 6th day of November, 2023.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE