IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of a Subpoena to Testify at a Deposition in a Civil Action for Jefferson B. Sessions | Case No. 1:23-mc-00016-JB-B |
| Wilbur P.G., et al.,<br><br>                               Plaintiffs,<br><br>v.<br><br>The United States of America,<br><br>                               Defendant. | In the United States District Court<br>for the Northern District of California<br>**(Related Case)**<br>Magistrate Judge Kandis A. Westmore<br><br>Case No. 4:21-cv-04457-KAW |

**ORDER**

This matter is before the Court on Plaintiffs' Motion to Transfer. (Doc. 11). Plaintiffs ask the Court to transfer a Motion to Quash a non-party subpoena filed by former United States Attorney General Jefferson B. Sessions ("General Sessions") (Doc. 1). The parties fully briefed the Motion to Transfer and filed voluminous supporting material. (Docs. 13, 25, 26, 28, and 29). The Court reviewed the briefs and material and conducted a hearing on the Motion at which counsel for Plaintiffs and General Sessions appeared and argued. Upon due consideration, the Court concludes that the Motion to Transfer is due to be DENIED.

**BACKGROUND**

General Sessions commenced this action pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, by filing a Motion to Quash a non-party deposition subpoena issued to him in the captioned underlying action pending in the Northern District of California, *Wilbur P.G., et al. v. The United States of America*, case no. 4:21-cv-04457-KAW ("Underlying Action"). The Underlying Action is one of more than 40 cases pending throughout the country arising out of the United

1

States Department of Justice's 2018 "zero tolerance policy" ("ZTP"). The ZTP directed U.S. Attorney's Offices along the Southwest Border to adopt a zero tolerance policy for all offenses referred for prosecution by DHS under federal law prohibiting unlawful entry into the United States. Plaintiffs' Underlying Action against the United States, which is brought under the Federal Tort Claims Act ("FTCA"), alleges that the prosecution scheme under ZTP was a mere pretext for the United States' actual policy goal to separate immigrant families.

In the course of discovery in the Underlying Action, Plaintiffs propounded an interrogatory to the United States asking it to describe "any policy goals" it sought to achieve by ZTP, and to identify "all individuals with knowledge of the policy goals." In response, the United described its policy goal as the reduction of illegal immigration into the United States. It identified General Sessions, former DHS Secretary Kirstjen Nielsen, and three former sub-Cabinet officials as individuals with knowledge of its policy goals. Plaintiffs did not depose any of the individuals identified by the United States, but rather obtained transcripts of depositions taken of two of the identified sub-Cabinet officials in parallel litigation pending in the United States District Court in Arizona.

On the last day of fact discovery in the Underlying Action, the United States amended its interrogatory response, in pertinent part, to state:

> The 2018 Zero-Tolerance Policy was issued by Attorney General Sessions and the April 23, 2018 Department of Homeland Security Referral Policy Memorandum was signed by Secretary Nielsen on May 4, 2018. Accordingly, the goals that Defendant sought to achieve in adopting those policies are solely the goals for which Attorney General Sessions and Secretary Nielsen, respectively, adopted those policies.

The United States also identified General Sessions' former Counselor as another individual with knowledge of its policy goals.

2

Based on the United States' amended interrogatory response, Plaintiffs sought leave to depose General Sessions and Secretary Nelson.  Leave was required because Plaintiff had already taken the maximum number of depositions allowed under the applicable scheduling order in the Underlying Action.  The United States opposed these "apex" depositions.  The parties presented the matter to the Magistrate Judge in the Underlying Action, in a joint "Discovery Letter Brief." (Doc. 13-6).  The Magistrate Judge is presiding over the Underlying Action by consent of Plaintiffs and the United States.  Plaintiffs argued they were entitled to depose General Sessions because the United States' amended interrogatory response represented a "drastic change in position." According to Plaintiffs, the United States represented throughout discovery that dozens of people formed the government's relevant intent for the ZTP, but, in its amended interrogatory response, claims that General Sessions and Secretary Nielsen are the only officials whose intent "matters."  Plaintiffs contend, "[h]ad Defendant timely disclosed that it would rely exclusively on Mr. Sessions and Ms. Nielsen for intent, Plaintiffs would have sought their depositions instead [of other individuals identified in discovery] and earlier."  (*Id.*).

The United States argued its amended interrogatory response was not a "drastic change in its position," as Plaintiffs claimed.  Rather, Plaintiffs had "known since the outset of the case, reinforced many months ago during discovery, that the intent of former Attorney General Sessions—the author of the Zero Tolerance Policy (ZTP) memorandum . . . potentially 'mattered' in this case."  The United States also raised the apex doctrine, as articulated by the Ninth Circuit in *In re. U.S. Dep't of Educ.*, 25 F.4th 692 (9th Cir. 2022).  It noted the District Court in Arizona, in parallel cases, disallowed the deposition of Secretary Nielsen based on the apex doctrine.

In reply, Plaintiffs argued, "where a Cabinet secretary has unique personal knowledge and 'Plaintiffs' claims turn on the intent' of that official, a deposition is appropriate." In support of that position, Plaintiffs cited an opinion by the District Court for the Southern District of New York. *State v. United States Dep't of Com.*, 333 F. Supp. 3d 282, 287 (S.D.N.Y. 2018) (later vacated as moot). Plaintiffs also contended the three prongs of the apex doctrine in *In re. U.S. Dep't of Educ.* were satisfied. Plaintiffs argued their mere allegation that the United States engaged in unconstitutional conduct satisfied the first prong of a "showing of agency bad faith." They argued the second and third prongs, *i.e.*, that the information be essential to the case and not otherwise obtainable, were satisfied because General Sessions has unique knowledge of his intent.

Based on the parties' Discovery Letter Brief, the Magistrate Judge allowed the issuance of the subject non-party deposition subpoena to General Sessions. The substance of the Magistrate Judge's Order addressing the apex doctrine states:

> While apex depositions are highly disfavored, the Ninth Circuit allows them in extraordinary circumstances. *See In re U.S. Dep't of Educ.*, 25 F.4th 692, 702 (9th Cir. 2022). A party may be permitted to take a current or former cabinet secretary's deposition if they "can demonstrate: (1) a showing of agency bad faith; (2) the information sought from the secretary is essential to the case; and (3) the information sought from the secretary cannot be obtained in any other way." Id. at 702. Here, Plaintiffs satisfy the first prong, because they allege that the agency acted in bad faith by implementing the Zero Tolerance Policy as pretext to separate undocumented immigrants from their minor children. The second and third prongs are also satisfied, because Sessions and Nielson have unique personal knowledge of their own intent, and Defendant contends in its amended response that only their intent matters, rendering the information not otherwise attainable and essential to the prosecution of the case. See id. at 703. The Court is disappointed that the Government amended its responses at the close of fact discovery to suddenly claim that only the intent of two former cabinet secretaries matters, and that it is now attempting to hide behind the apex doctrine to prevent their depositions from going forward. Such an injustice cannot stand.

The subject subpoena provides for General Sessions' deposition to be conducted in the Southern District of Alabama.  General Sessions had no knowledge of Plaintiffs' attempt to secure his deposition in the Underlying Action.  General Session filed the subject Motion to Quash on October 13, 2023.  (Doc. 1). Plaintiffs filed their Motion to Transfer on October 20, 2023, pursuant to Rule 45(f).

Secretary Nielsen has filed a motion to quash a subpoena issued to her, which is pending in the Underlying Action.  The Magistrate Judge has not yet rule on her motion.  Rather, the Magistrate Judge has set a briefing schedule to allow Secretary Nielsen time to prepare a reply to Plaintiffs' opposition, "considering the 'important constitutional issues'" raised in her motion to quash.  (Doc. 30).  The Magistrate Judge has set Secretary Nielsen's Motion to Quash for hearing on November 14, 2023.  The Magistrate Judge has also extended deadlines for filing summary judgment motions to November 21, 2023.  (*Id.*).

## DISCUSSION

Under Rule 45, challenges to subpoenas are heard by the district court encompassing the place of compliance.  Rule 45(d)(3)(A).  This Court encompasses the place of compliance in this case, as the subject subpoena provides for General Sessions to be deposed in Mobile, Alabama.

Subsection (f) of Rule 45 allows the court of compliance to transfer a motion to quash a subpoena to the issuing court, with the consent of the person subject to the subpoena or "if the court finds exceptional circumstances."  Rule 45(f) is permissive.  ("The court of compliance "may transfer a motion under this rule[.]").

As General Sessions does not consent to transfer, Plaintiffs "bear[] the burden of showing that [exceptional] circumstances are present."  The "exceptional circumstances" standard in Rule

45(f) was explained by the Court in *Woods v. SouthernCare, Inc.*, 303 F.R.D. 405 (N.D. Ala. 2014), which relied on the Advisory Committee note.[1] At the outset, the Advisory Committee note makes clear the "prime concern should be avoiding burdens on local nonparties subject to subpoenas." The note also cautions the court of compliance not to "assume[] that the issuing court is in a superior position to resolve subpoena-related motions."

Further, although Plaintiffs' showing of "exceptional circumstances" is required, it is not sufficient to warrant transfer. If Plaintiffs satisfy their burden of showing "exceptional circumstances," the court must then weigh them against General Sessions' interest in local resolution of his motion to quash. The court in *SouthernCare* explained, "[i]f such circumstances exist, those interests should then be balanced against the nonparty's interest in local resolution of the motion to determine if transfer is warranted." 303 F.R.D. at 407. The court found the reasoning of the Advisory Committee "evident:" "nonparties should be burdened as little as practicable by litigation in which they are not involved, and local resolution of the motion will typically impose a lighter burden." *Id.*

Exceptional circumstances under 45(f) are present when the issuing court "has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id.* 408 (quoting Advisory Committee note). The court in *SouthernCare* described these

---

[1] The Rule 45(f) Advisory Committee note states: "In the absence of consent, the court may transfer in **exceptional circumstances**, and **the proponent of transfer bears the burden of showing that such circumstances are present.** The **prime concern should be avoiding burdens on local nonparties** subject to subpoenas, and **it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions.** In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. **Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.**" (Emphasis added).

circumstances as examples of disruption of the issuing court's management of the underlying action. The Court, however, finds the recent order by the Magistrate Judge in the Underlying Action, extending discovery and summary judgment deadlines, weakens Plaintiffs' arguments of disruption to the management of that action. The Court finds that transfer is not necessary to avoid interference with the now-amended discovery schedule.

On the issue of "exceptional circumstances," Plaintiffs argue the Magistrate Judge in the Underlying Action has already ruled on the issue of the apex doctrine. This is correct, at least in context of the parties' discovery dispute as they presented it in their joint Discovery Letter Brief. However, General Sessions argues, and the Court agrees, the nature and circumstances of the proceedings in the Underlying Action on this issue weigh against transfer. First, General Session correctly argues the United States, in the Underlying Action, did not have a full and fair opportunity to protect his interest. It was unable to fully address the issue of whether ordering a Cabinet official to sit for a deposition comports with binding Supreme Court and Ninth Circuit precedent. For example, the seminal United States Supreme Court decision in *United States v. Morgan*, 313 U.S. 409 (1941) was not argued to the Magistrate Judge.

As General Sessions notes, the question of whether he was subject to deposition was raised abruptly, in the context of an eleventh-hour discovery dispute, and presented on constrained briefing. The Court recognizes the briefing in the Underlying Action was necessarily abbreviated given the circumstances of that action that existed at the time. Nevertheless, the briefing now before this Court is significantly more comprehensive than that afforded to the Magistrate Judge in the Underlying Action. Indeed the parties have presented evidence and arguments not in the briefing in the Underlying Action.

In addition, Plaintiffs' argument that the Magistrate Judge has already ruled on the issues is undermined by the order entered in the Underlying Action setting briefing on, and a November 14 hearing date for Secretary Nielsen's motion to quash. In that Order, the Magistrate Judge expressed Secretary Nielsen was entitled to prepare a reply to address "important constitutional issues" raised in her motion. (Doc. 30). General Sessions' Motion to Quash here has certainly raised important constitutional issues that were not presented in the parties' Discovery Letter Brief to, and therefore not considered by, the Magistrate Judge.

The Court also finds transfer is not appropriate because it has now fully considered the issues on comprehensive briefs filed by Plaintiffs as well as General Sessions. The Magistrate Judge's future consideration of Secretary Nielsen's Motion to Quash will either be unrelated to the issues presented by General Sessions or will repeat analysis already conducted by this Court.

Plaintiffs also argue an "exceptional circumstance" exists for purposes of transfer because the same issues are likely to arise in discovery in many districts. However, the Court is persuaded by General Sessions' argument that the pendency of numerous similar cases weighs against transfer. The Court's retention of jurisdiction will avoid unduly burdening General Sessions, which is the "prime concern" of the Rule 45(f). It will also avoid a substantial risk of inconsistent rulings on apex doctrine as it pertains to him in particular. The numerous pending ZTP cases would subject General Sessions to litigating, and receiving inconsistent rulings on, motions to quash if resolved by numerous districts across the United States. Local resolution of his interests under Rule 45(f) will be less burdensome to General Sessions and will centralize the issue. Here, transfer of the Motion to Quash would actually disserve judicial economy and fairness.

Moreover, any risk of inconsistent rulings on General Sessions' and Secretary Nielsen's respective motions to quash is ameliorated by different facts and issues on which they turn. A finding of bad faith on the part of DHS would not be dispositive of the Department of Justice, just as a finding that essential information of one official's intent was not obtainable by alternative sources would not be dispositive of the other. Furthermore, the burdens on General Sessions of resolving his Motion to Quash in the Northern District of California will likely be different from those on Secretary Nielsen. Thus apex decisions as to these Cabinet officials may be different but not inconsistent.

Finally, for the reasons stated herein and on the record of the hearing of the Motions to Transfer and to Quash, the "exceptional circumstances" demonstrated by Plaintiffs simply do not outweigh General Sessions' interests in local resolution of his Motion to Quash. General Sessions contends due process concerns are at issue, as he was not a party to the proceedings which produced the order requiring his deposition. He also argues entitlement to determination by an Article III judge, in light of the separation of powers interest at play. At the hearing conducted by the Court in this case, Plaintiff acknowledged General Sessions' interest in having his Motion to Quash determined by an Article III judge. However, they argued transfer of the Motion would not deprive him of that interest because 28 USCA § 636 provides for the vacation of references to a Magistrate Judge. That section, though, is permissive and subject to a showing of extraordinary circumstances. This Court presents the only certain venue for General Sessions to have his Motion to Quash determined on the merits by an Article III judge.

## CONCLUSION

Plaintiffs' Motion to Transfer (Doc. 11) is DENIED.

**DONE and ORDERED** this 6th day of November, 2023.

/s/ JEFFREY U. BEAVERSTOCK  
CHIEF UNITED STATES DISTRICT JUDGE
